**IN THE COURT OF APPEALS OF IOWA**

No. 22-1427
Filed November 17, 2022

**IN THE INTEREST OF R.S. and J.S.,**
**Minor Children,**

**J.S., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Benton County, Russell G. Keast, District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

David R. Fiester of the Law Office of David R. Fiester, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Deborah M. Skelton, Walford, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., and Greer and Badding, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights.[1]  On our de novo review, *see In re J.H.*, 952 N.W.2d 157, 166 (Iowa 2020), we find a ground for termination has been established and termination is in the children's best interests. We affirm.

The department of health and human services (DHHS) began services with the family in July 2020, following allegations of substance abuse by the parents. J.S., born in 2019, was adjudicated a child in need of assistance (CINA) in the summer of 2020; R.S., born in late 2020, was adjudicated a CINA in March 2021. The children remained in the parental home until May 2021, when an unannounced home visit by DHHS found the home in a hazardous condition and aroused suspicions the parents continued their drug use.  The children tested positive for methamphetamine, after which both parents admitted ongoing substance abuse.

In August, the mother entered a residential drug-treatment program, and in September, the court allowed the children a trial home placement with the mother.[2] Although the mother successfully completed residential treatment, she did not participate in recommended aftercare.  At the end of November, the mother tested positive for marijuana, and the children were removed from her care in early December.  She tested positive for methamphetamine in January, February, March, and May 2022.

---

[1] The father's parental rights were also terminated; he does not appeal.
[2] In its September order, the juvenile court granted the parents an additional six months to achieve reunification.

At the June termination trial, the mother admitted she had used methamphetamine two weeks earlier. She was living with the father, who testified he had used methamphetamine within the past week. The mother was "waiting for a bed" at a different inpatient treatment program where the children could join her and planned to transition to living in a new city with a fresh start.

The juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(h) (2022).[3] She appeals.

In contesting the ground for termination, the mother concedes the statutory elements of age, CINA adjudication, and length of removal have been established. *See* Iowa Code § 232.116(1)(h)(1)–(3). She asserts the final element—the children could not be returned to her custody—was not established by clear and convincing evidence.[4]

---

[3] To terminate parental rights under Iowa Code section 232.116(1)(h), the court must find all the following:
> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

[4] The State asserts error was not preserved on this argument, stating there was not clear evidence she was claiming the children could be immediately returned at the time of the hearing. Whether the children could return to her care was an element the State had to prove and the court necessarily had to find established before terminating the mother's parental rights under section 232.116(1)(h). And our de novo review requires us to determine whether there is clear and convincing evidence to support a termination of parental rights. The issue is properly before us.

The mother admitted using methamphetamine approximately two weeks before the termination trial and testified to being around active users while wearing a drug patch. The "active users" around her includes the father—who admitted recent use and with whom the mother still resided. Both parents testified they hoped to enter inpatient treatment in the coming weeks. The mother claims on appeal to be "prepared for the children to return to her care immediately," but she also requested an extension to complete substance abuse treatment and establish a stable home.

We agree with the juvenile court's analysis of the final element and adopt its findings.

> The concerns that initiated [DHHS] involvement with this family in July of 2020 remained unresolved at the time of trial. Both parents acknowledge a long-term struggle with addiction to illegal substances, marijuana[,] and methamphetamine. The parents' inability to maintain a safe and sanitary home for their children is indicative of the danger that these children are subject to due to the parents' inability to provide them with adequate care and supervision, as a result of their substance abuse choices. The court recognizes that methamphetamine addiction is an extremely difficult affliction to resolve. However, neither parent has demonstrated an effort during these proceedings that would establish that they are placing their children's health, safety, and future as a priority over their desire to use methamphetamine. They have both frittered away the time available to them to address these issues with excuses, procrastination, and dishonesty. Both parents acknowledged at the trial that they have made no progress in resolving their addiction issues and are in need of more treatment. . . . [The mother] did complete an inpatient treatment program in October of 2021, but failed to follow through with all recommended aftercare and quickly returned to regularly using methamphetamine. The evidence overwhelmingly establishes that neither parent has made any progress in addressing their substance abuse issues, and the children cannot safely be returned to their care and custody at this time.

"Even after we have determined that statutory grounds for termination exist, we must still determine whether termination is in the children's best interests." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (citation omitted). The mother asserts termination is not in the children's best interests because of her strong bond with the children and "the potential dramatic effect" breaking that bond may have on the children. This argument combines the best-interests analysis with a permissive exception to termination. *See* Iowa Code § 232.116(2) (establishing factors for the court to consider in determining the best placement for the child); *id.* § 232.116(3)(c) ("There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.").

"[T]he court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "The legislature carefully constructed [the statutory] time frame to balance the parent's efforts toward reunification and the child's best interests." *J.H.*, 952 N.W.2d at 170. After that statutory time frame has passed, "termination proceedings must be viewed with a sense of urgency." *Id.* (citation omitted).

While the mother takes good care of the children during supervised visits, she has not remained drug free outside of treatment and has not shown she is the best placement for the children. Her trial home placement started while in residential treatment, but once out and caring for the children, she did not participate in aftercare for either substance abuse or mental health. She relapsed using marijuana, and the children were removed; she then tested positive for

methamphetamine for several months. Despite two years of services, the mother is still not able to provide the drug-free home necessary for the children's safety and long-term growth. These children deserve stability and permanency, and termination is in their best interests.

As to her parent-child bond argument, "once the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3)." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). While the mother has a bond with the children, they have spent much of their young lives moving among caregivers due to her substance abuse. The mother did not meet her burden to establish by clear and convincing evidence termination would be detrimental to the children due to the closeness of their bond. *See* Iowa Code § 232.116(3)(c). We affirm the termination of the mother's parental rights.

**AFFIRMED.**